IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TIMOTHY LAVERN BROWN, | ) |
| Plaintiff, | ) |
| v. | ) CV 111-044 |
| ASHLEY WRIGHT, | ) |
| Defendant. | ) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 11). Plaintiff objects to the Magistrate Judge's conclusion that his case should be dismissed without prejudice because Plaintiff abused the judicial process by providing false information regarding previous cases he filed in the Northern District of Georgia. (Id.) These cases were dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim and therefore count as "strikes" under 28 U.S.C. § 1915(g). See Brown v. Baker, Civil Action No. 1:09-CV-1482 (N.D. Ga. June 9, 2009); Brown v. David, Civil Action No. 1:04-CV-2470 (N.D. Ga. Oct. 5, 2004). Plaintiff states that he did not "deliberately falsify information," but rather failed to understand that he had to report cases from the Northern District of Georgia in a complaint filed in the Southern District of Georgia. (Id. at 1.)

Upon consideration, the Court concludes that Plaintiff's objections lack merit. The form Plaintiff used to draft his complaint specifically asks, "While incarcerated or detained in any facility, have you brought <u>any lawsuits in federal court</u> which deal with facts other than those involved in this action?"[1] (Doc. no. 1, p. 2 (emphasis added).) The form subsequently asks, "As to <u>any lawsuit filed in federal court</u> where you were allowed to proceed *in forma pauperis*, was <u>any suit</u> dismissed on the ground that it was frivolous, malicious, or failed to state a claim?" (<u>Id.</u> at 3 (emphasis added).) These questions unambiguously refer to Plaintiff's entire filing history in federal court, and Plaintiff provided false information to the Court by declaring, under penalty of perjury, that he had never filed any other case and had never had any case dismissed for failure to state a claim. (See <u>id.</u> at 2-3, 20-21.)

Furthermore, the sophistication of Plaintiff's filings belies his contention in his objections that he failed to understand these unambiguous inquiries. (<u>See, e.g.</u>, doc. nos. 3, 5 (motion for preliminary injunction accompanied by 56-page brief addressing each legal requirement for obtaining preliminary injunctive relief).) Simply put, the Court will not allow Plaintiff to abuse the judicial process and then escape being sanctioned by offering implausible excuses upon the discovery of his dishonesty. See <u>Rivera v. Allin</u>, 144 F.3d 719, 721-27 (11th Cir. 1998) (emphasizing seriousness of abuse of judicial process that occurs when litigant lies about the existence of a prior lawsuit), *abrogated on other grounds by* <u>Jones v. Bock</u>, 549 U.S. 199 (2007). In light of these considerations, Plaintiff's objections

---

[1] A separate question on the form addresses other lawsuits relating to the same facts as those alleged in the complaint. (<u>See</u> doc. no. 1, p. 1.)

2

are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, this action is **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process, and Plaintiff's "Motion for Preliminary Injunction" (doc. no. 3) is **DENIED AS MOOT**.

SO ORDERED this 17th day of June, 2011, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA